**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JOYCE A. ALEXANDER, et al.,**

**Plaintiffs,**

vs.

**SMITHKLINE BEECHAM CORPORATION
d/b/a GlaxoSmithKline,**

**Defendant.**                                                                                                    **No. 09-1072-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction

This case is before the Court on a motion for remand of the case to state court (Doc. 5). In this case, some eleven Plaintiffs seek damages for personal injuries allegedly caused by Avandia, a prescription medication manufactured and distributed by Defendant SmithKline Beecham Corporation ("SKB").[1] The complaint in this case asserts claims for strict products liability, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, negligence, negligent misrepresentation, and breach of express and implied warranties. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on November 12, 2009, and has been removed to this Court by GlaxoSmithKline, LLC ("GSK"), which claims to be the successor in interest to SKB; federal

---

1. Plaintiffs in this case are, in addition to Joyce Alexander, Phillip Starr Brown, as attorney-in-fact for Richard Roy Brown, Adela Bylander, Antonio Green, Delores Grubbs, John H. Hendricks, Vornia Evans on behalf of Mary Johnson, Ella McAuley, Joseph McElligott, Thomas Pallozzi, and Kenneth Wilson.

subject matter jurisdiction is alleged on the basis of diversity of citizenship. Plaintiffs in turn have requested remand of this case to state court for lack of subject matter jurisdiction. The motion has been fully briefed and is ripe for decision. Having considered the matter carefully, the Court rules as follows.[2]

## II. Analysis

As an initial matter the Court notes the standard under which it must evaluate the instant motion for remand. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a).** *See also Rubel v. Pfizer Inc.*, **361 F.3d 1016, 1017 (7th Cir. 2004);** *Jones v. General Tire & Rubber Co.*, **541 F.2d 660, 664 n.5 (7th Cir. 1976);** *Potter v. Janus Inv. Fund*, **483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007)**. The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, **441 F.3d 536, 540 (7th Cir. 2006);** *In re Brand Name Prescription Drugs Antitrust Litig.*, **123 F.3d 599, 607 (7th Cir. 1997);** *Ellis v. Hansen & Adkins Auto Transp.*, **Civil No. 09-677-GPM, 2009 WL 4673933, at \*1 (S.D. Ill. Dec. 4, 2009)**. "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry.*

---

2. The Court notes that GSK has filed a motion requesting oral argument on the instant motion for remand (Doc. 9). The Court concludes in its discretion that oral argument would not be helpful to resolution of the motion to remand and accordingly the Court will decide the remand motion without oral argument thereon.

***Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993))**. Finally, "[a]ll doubts about the propriety of removal are to be resolved in favor of remand." ***Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at \*2 (S.D. Ill. July 2, 2007)***. See also Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at \*1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.")**.

Here, as noted, the source of the Court's jurisdiction alleged by GSK is diversity jurisdiction. In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* **28 U.S.C. § 1332(a)(1);** ***LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008);** *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007)**. For purposes of federal diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, which is to say, the state where the person is physically present with an intent to remain there indefinitely. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Hill v. Olin Corp.*, No. 07-CV-0054-DRH, 2007 WL 1431865, at \*2 (S.D. Ill. May 14, 2007); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833-34 (S.D. Ill. 2006)**. A person who sues in a representative capacity on behalf of an incompetent person shares the citizenship, which is to say, the domicile, of the incompetent person. *See* **28 U.S.C. § 1332(c)(2);** *Northern Trust Co. v. Bunge Corp*., 899 F.2d 591, 594 (7th Cir. 1990); *Hileman v. Central Ind. Transp. Express*, Civil No. 09-209-GPM, 2009 WL 736211, at \*1 (S.D. Ill. Mar. 19, 2009); *Clevenger v. Eastman Chem. Co.*,**

**No. 07-cv-148-DRH, 2007 WL 2458474, at \*4 (S.D. Ill. Aug. 24, 2007)**.[3] As to corporate parties, for diversity purposes a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business, with the corporation's principal place of business being determined by the state where the corporation has its headquarters or nerve center. *See* **28 U.S.C. § 1332(c)(1);** *Hertz Corp. v. Friend*, **No. 08-1107, 2010 WL 605601, at \*\*11-13 (U.S. Feb. 23, 2010);** *Nuclear Eng'g Co. v. Scott*, **660 F.2d 241, 250 (7th Cir. 1981);** *Lyerla v. Amco Ins. Co.*, **461 F. Supp. 2d 834, 836 (S.D. Ill. 2006)**. Finally, a limited liability company ("LLC") is deemed to share the citizenship of each of the LLC's members for purposes of federal diversity jurisdiction. *See Camico Mut. Ins. Co. v. Citizens Bank*, **474 F.3d 989, 992 (7th Cir. 2007);** *Wise v. Wachovia Sec., LLC*, **450 F.3d 265, 267 (7th Cir. 2006);** *LaRoe v. Cassens & Sons, Inc.*, **472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006)**.

      In this instance there appears to be no dispute that Plaintiffs' claims are each worth in excess of $75,000, exclusive of interest and costs, given the severe and permanent physical injuries Plaintiffs allege that they have suffered as a result of using Avandia, together with allegations of aggravated misconduct by SKB, including fraud and deliberate infliction of emotional distress, potentially warranting an award of punitive damages. *See Andrews v. E.I. Du Pont De Nemours & Co.*, **447 F.3d 510, 514-15 (7th Cir. 2006) (addressing sua sponte on appeal the issue of subject matter jurisdiction in a case removed in diversity, and holding that jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and where discussion between the parties' counsel led the**

---

3. The Court assumes for purposes of the instant motion for remand that Plaintiff Phillip Brown, who brings suit, as noted, as attorney-in-fact for Richard Brown, and Plaintiff Vornia Evans, who brings suit as the guardian of Mary Johnson, are suing on behalf of incompetent persons.

**removing defendant to believe the plaintiff's medical and rehabilitation expenses alone would exceed $75,000, and the plaintiff did not challenge the removing defendant's estimate of his potential damage);** *Rising-Moore v. Red Roof Inns, Inc.*, **435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold.");** *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity");** *Anthony v. Security Pac. Fin. Servs., Inc.*, **75 F.3d 311, 317-18 (7th Cir. 1996) (punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the amount in controversy);** *Gilmore v. Bayer Corp.*, **Civil No. 09-986-GPM, 2009 WL 4789406, at \*3 (S.D. Ill. Dec. 9, 2009) (noting that this Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege "severe and permanent personal injuries" as a result of use of a prescription medication);** *Fields v. Jay Henges Enters., Inc.*, **Civil No. 06-323-GPM, 2006 WL 1875457, at \*5 (S.D. Ill. June 30, 2006) (allegations of "chronic, severe skin disease, pain and suffering, and past and future medical expenses and lost earnings" were sufficient to establish that the amount in controversy was satisfied).** However, diversity of citizenship is not complete.

As an initial matter the Court notes that the record of this case is entirely silent as to the state citizenship of Plaintiff Ella McAuley for purposes of diversity jurisdiction. The Court assumes that this is because the operative complaint in this case says nothing about McAuley's citizenship and, for this reason, GSK does not know what her citizenship is. If so, this is reason enough for the Court to remand this case until such time as GSK learns, through discovery or otherwise, what McAuley's citizenship is. *See, e.g., Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, **Civil No. 09-954-GPM, 2010 WL 415388, at \*3 (S.D. Ill. Feb. 1, 2010) (quoting** *Murphy v. Schering Corp.*, **878 F. Supp. 124, 125-26 (N.D. Ill. 1995)) (remanding to state court a case removed in diversity jurisdiction where the state citizenship of a defendant was unclear because "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high)[.]");** *Tullis v. Wal-Mart Stores, Inc.*, **Civil No. 09-935-GPM, 2009 WL 3756640, at \*2 (S.D. Ill. Nov. 9, 2009) (remanding to state court a case removed in diversity jurisdiction until such time as the defendant could learn the plaintiff's state citizenship and potentially remove the case a second time)**. The record discloses another defect concerning complete diversity of citizenship as well: Plaintiffs Joyce Alexander and Thomas Pallozzi are citizens of Pennsylvania, as is SKB, which is a corporation incorporated under Pennsylvania law with its principal place of business in Pennsylvania and thus, for reasons that already have been discussed, is a citizen of Pennsylvania for diversity purposes.[4]

---

4. The citizenship of the other Plaintiffs in this case (with the exception, as already has been discussed, of Ella McAuley) is as follows: Kenneth Wilson is a citizen of Alabama; John Hendricks is a citizen of Florida; Joseph McElligott is a citizen of Illinois; Antonio Green and Delores Grubbs are citizens of Missouri; and Adela Bylander is a citizen of Texas. As already has been noted, Phillip Brown and Vornia Evans are, respectively, the legal representatives of Richard Brown and Mary Johnson, who are citizens of Illinois, so that Evans and Phillip Brown are citizens of Illinois for diversity purposes.

GSK, which, as noted, is the entity that actually removed this case, contends that diversity of citizenship is complete because SKB no longer exists. GSK asserts that it is the successor entity to SKB, which has been dissolved and reconstituted as an LLC. The sole member of GSK is GlaxoSmithKline Holdings (Americas), Inc., a corporation incorporated under Delaware law with its principal place of business in Delaware; therefore, GSK is a citizen of Delaware for diversity purposes. Because none of the Plaintiffs in this case are Delaware citizens, GSK argues, there is complete diversity of citizenship in this case. The Court construes GSK's argument for the existence of diversity jurisdiction in this case as a claim that SKB has been fraudulently joined to defeat diversity. In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999);** *LaRoe v. Cassens & Sons, Inc*.**, 472 F. Supp. 2d 1041, 1045 (S.D. Ill. 2006)**. In the Seventh Circuit a defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, **990 F.2d 323, 327 (7th Cir. 1993).** *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp*.**, 34 F.3d 1310, 1315 (7th Cir. 1994);** *Smith v. Merck & Co.*, **472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007)**. A defendant seeking removal based on alleged fraudulent joinder has the "heavy burden" of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court, a standard that, the United States Court of Appeals for the Seventh Circuit suggested recently, may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."

*Schur v. L.A. Weight Loss Ctrs., Inc.*, **577 F.3d 752, 764 (7th Cir. 2009)**. This is because, in evaluating fraudulent joinder, a court is narrowly confined to the pleadings and must resolve all questions of fact and of law against removal, save in a small class of cases where a plaintiff's inability to establish a cause of action against a diversity-defeating party in state court can be proven incontrovertibly through summary evidence. *See Driscoll v. Brown & Crouppen, P.C.*, **Civil No. 09-859-GPM, 2009 WL 3770190, at \*2 (S.D. Ill. Nov. 10, 2009);** *Moore v. Johnson & Johnson*, **Civil No. 09-854-GPM, 2009 WL 3349859, at \*3 (S.D. Ill. Oct. 19, 2009) (collecting cases)**.

Having recited the applicable legal standard, the Court turns to the relevant state law. Pennsylvania law provides for a corporation organized under the law of Pennsylvania to dissolve itself by becoming domesticated under the law of another state:

> Whenever a domestic business corporation has domesticated itself under the laws of another jurisdiction by action similar to that provided by section 4161 (relating to domestication) and has authorized that action by the vote required by this subchapter for the approval of a proposal that the corporation dissolve voluntarily, the corporation may surrender its charter under the laws of this Commonwealth by filing in the Department of State articles of dissolution under this subchapter containing the statement specified by section 1977(b)(1) through (4) (relating to articles of dissolution). If the corporation as domesticated in the other jurisdiction qualifies to do business in this Commonwealth either prior to or simultaneously with the filing of the articles of dissolution under this section, the corporation shall not be required to file with the articles of dissolution the tax clearance certificates that would otherwise be required by section 139 (relating to tax clearance of certain fundamental transactions).

**15 Pa. Cons. Stat. Ann. § 1980**. *See also* **15 Pa. Cons. Stat. Ann. § 1977;** *Atlantic Richfield Co. v. Blosenski*, **847 F. Supp. 1261, 1281-82 (E.D. Pa. 1994)**. In this instance it appears from the record that on October 27, 2009, SKB filed articles of dissolution containing the requisite declarations with the Pennsylvania Department of State and was domesticated as an LLC under

Delaware law. This is not quite the end of the matter, however, because dissolution is not necessarily the end of a corporation's life for purposes of litigation.

As the Seventh Circuit Court of Appeals has noted, states have enacted so-called "survival statutes" authorizing suits by and against dissolved corporations during a specified period of time in order to ensure the orderly winding up of the affairs of a dissolved corporation and to protect the corporation's creditors. "Under the common law a corporation's capacity to sue or be sued terminated when the corporation was legally dissolved. Today, however, the harshness of the common law on creditors and shareholders has been replaced in every state by statutes which extend the corporate life for a definite time for the purpose of prosecuting and defending suits." *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185 (7th Cir. 1980) (citation omitted). *See also Soo Line R.R. Co. v. B.J. Carney & Co.*, 797 F. Supp. 1472, 1479 (D. Minn. 1992) ("[L]egislatures enacted survival statutes to permit corporations to wind up their affairs in an orderly manner and to prevent them from dissolving in order to escape creditors."); *Davis v. St. Paul Fire & Marine Ins. Co.*, 727 F. Supp. 549, 551 (D.S.D. 1989) ("[S]urvival statutes arbitrarily extend the life of the corporation to allow remedies connected with the corporation's existence to be asserted . . . . These statutes also prevent a corporation from escaping its creditors by dissolution."). The relevant provisions of Pennsylvania's corporations code, titled "Survival of remedies and rights after dissolution," state:

> (a) General rule. – The dissolution of a business corporation, either under this subchapter or under Subchapter G (relating to involuntary liquidation and dissolution) or by expiration of its period of duration or otherwise, shall not eliminate nor impair any remedy available to or against the corporation or its directors, officers or shareholders for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought on behalf of:
> (1) the corporation within the time otherwise limited by law; or
> (2) any other person before or within two years after the date of the dissolution or

> within the time otherwise limited by this subpart or other provision of law, whichever is less. See sections 1987 (relating to proof of claims), 1993 (relating to acceptance or rejection of matured claims) and 1994 (relating to disposition of unmatured claims).

**15 Pa. Cons. Stat. Ann. § 1979**. "To ameliorate the harsh effects of the common law upon creditors, Pennsylvania as well as other states enacted statutory provisions whereby corporations continued for the limited purpose of 'winding up' corporate affairs." *Erdely v. Hinchcliffe & Keener, Inc*., **875 A.2d 1078, 1083 (Pa. Super. Ct. 2005)**.

In light of Pennsylvania law authorizing suits by and against dissolved Pennsylvania corporations, where, as here, a timely suit has been brought against SKB, a dissolved Pennsylvania corporation, SKB is neither a nominal party to this suit nor a fraudulently joined party. *See Colon v. SmithKline Beecham Corp*., **Civil No. 09-1073-GPM, 2010 WL 46523, at \*4 (S.D. Ill. Jan. 5, 2010)**; *Jocz v. Eichleay Eng'rs, Inc*., **Civil Action No. 08-4063, 2008 WL 5157503, at \*\*2-4 (E.D. Pa. Dec. 9, 2008)**; *F.P. Woll & Co. v. Fifth & Mitchell St. Corp*., **No. Civ.A. 96-CV-5973, 2001 WL 34355652, at \*\*2-3 (E.D. Pa. Dec. 13, 2001)**. GSK argues that dissolution of a Pennsylvania corporation through domestication of the corporation under the law of another state is merely a change of the corporation's domicile, relying upon a commentary to the governing statute of somewhat uncertain provenance that states:

> The effect of filing under this section is not to dissolve the corporation in the ordinary sense but simply to terminate its status as a domestic business corporation. The existence of the corporation is not affected because the same entity continues to exist in the new jurisdiction of incorporation.

**15 Pa. Cons. Stat. Ann. § 1980 cmt**. It is unclear to the Court what weight, if any, this comment is owed and, moreover, there is Pennsylvania case law that suggests that, even in the case of a Pennsylvania corporation dissolved under Section 1980 of the Pennsylvania corporations code, the

code "requires that the debts and liabilities of the corporation are satisfied by the corporation or discharged by a court of law prior to final dissolution." ***Belle v. Chieppa*, 659 A.2d 1035, 1040 n.1 (Pa. Super. Ct. 1995) (citing 15 Pa. Cons. Stat. Ann. §§ 1971-1980) (emphasis omitted)**. To hold that a Pennsylvania corporation dissolved under Section 1980 remains subject to suit in its own name is consistent with the statutory policy of protecting the creditors of dissolved corporations and with the principle, already noted, that in evaluating a claim of fraudulent joinder to defeat diversity jurisdiction, ambiguities in the pertinent state law are to be decided against removal and in favor of remand.  *See Poulos v. Naas Foods, Inc.*, **959 F.2d 69, 73 (7th Cir. 1992) (to prove fraudulent joinder "[t]he defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.") (emphasis in original);** *Rutherford v. Merck & Co.*, **428 F. Supp. 2d 842, 850 n.1 (S.D. Ill. 2006) (quoting** *Dodson v. Spiliada Mar. Corp.*, **951 F.2d 40, 42 (5th Cir. 1992)) ("In evaluating fraudulent joinder claims, we must . . . resolve all . . . ambiguities in the controlling state law in favor of the non-removing party.")**. While the circumstances presented by this case admittedly are somewhat novel, as the Court has observed in the past, "in the removal context, federal courts follow a simple default rule in deciding unusual cases, namely, that doubts about the propriety of removal are to be resolved in favor of remand."  ***Ford v. Keck*, No. 06-cv-667-DRH, 2007 WL 1022003, at \*5 (S.D. Ill. Apr. 2, 2007)**. The Court concludes that GSK has failed to shoulder its heavy burden to show that SKB has been fraudulently joined to defeat diversity jurisdiction.  Accordingly, this case will be remanded to state court for lack of subject matter jurisdiction.

### III. Conclusion

Plaintiffs' motion for remand of this case to state court (Doc. 5) is **GRANTED**. GSK's motion for oral argument on the motion to remand (Doc. 9) is **DENIED**. Pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 3rd day of March 2010.

/s/    *DavidRHerndon*

**Chief Judge
United States District Court**